By the Court.
This is an original action in this court, in mandamus. It seeks to compel the defendant, as auditor, to approve a voucher and draw his warrant upon the treasurer of the city of Cincinnati.
The petition avers that early in 1920 the city of Cincinnati made such changes in its fire department *51 that it no longer needed for municipal purposes certain of its fire houses; -that, thereupon, on the 25th of May, 1920, the city council duly passed an ordinance authorizing and directing the sale at public auction of the fire engine house and real estate upon which it stood, described in the petition, and authorizing the director of public safety to employ an auctioneer to cry such sale and to pay him for such service out of the proceeds of such sale; that thereupon the director of public safety duly caused an advertisement to be published in a newspaper of general circulation for five consecutive weeks, announcing the time and place at which such property would be offered for salé, and inviting bids therefor at public auction; that the director of safety employed Theodore Mayer & Brother to act as such auctioneers, and at the time specified in the notice they duly cried the sale; and that the highest bid for certain of said property was that of Joseph Contadino, ■ Nicholas Contadino and Frank Con-tadino, and upon consideration the director of public safety accepted their bid and struck off the property to them.
Thereupon the purchasers paid to the director of public safety the sum of $100, and the director of public safety in behalf of the city entered into a contract to convey to them the real estate upon the payment of the balance of the purchase price. Thereupon Theodore Mayer & Brother presented to the director of public safety their bill against the city of Cincinnati, in the sum of $268, for services in acting as auctioneers in the sale of the property, and on the 8th day of October, 1920, the director of public *52 safety drew a voucher in their favor for the amount of the bill, it being stipulated in the voucher that the same should be payable out of the proceeds of the sale of the real estate as directed by ordinance. Thereupon the voucher was duly presented to the defendant, George P. Carrel, as auditor of the city of Cincinnati for his approval, and the defendant in violation of the duties specifically enjoined upon him by law refused and still refuses to approve and allow the voucher and refuses to issue his warrant upon the treasurer of the city of Cincinnati for the fees of the auctioneers as approved and allowed by the director of public safety, claiming that the council was without authority to pass the ordinance authorizing the sale of the real estate at public auction, that the director of public safety was without authority to employ the auctioneers to cry the sale, and that the only way the real estate could legally be sold was by means of sealed bids duly advertised for.
To the petition a demurrer was filed upon the ground that the petition did not state facts sufficient in law to constitute a cause of action. The questions for determination here are whether the city under Section 3699, General Code, has power to sell real estate belonging to it when such real estate is no longer needed for municipal purposes, at public venue; and, if so, whether it has the power to employ an auctioneer to cry the sale.
Section 3699 provides: “No contract for the sale or lease of real estate shall be made unless authorized by an ordinance, approved by the votes of two-thirds of all the members elected to the council, and *53 by the board or officer having supervision or management of such real estate. When such contract is so authorized, it shall be made in writing by the board or officer having such supervision or management and only with the highest bidder, after advertisement once a week for five consecutive weeks in a newspaper of general circulation within the corporation. Such board or officer may reject any or all bids and readvertise until all such real estate is sold or leased.”
We are unable to discover wherein the sale at public auction was not an exact compliance with Section 3699, and are unwilling to read into it words which would limit the power of municipalities in this respect.
The sale not being in conflict with general laws, the next question for determination is, Is the employment ánd payment of an auctioneer out of the proceeds of-the sale in conflict with general laws?
The provision of Section 3698, General Code, “Such power [of sale] shall be exercised in the manner provided in this chapter,” when read in connection with the provisions of Section 3699, General Code, “When such contract [of sale] is so authorized, it shall be made in writing by the * * * officer having such supervision or management and only with the highest bidder * * *. Such * * * officer may-reject any or all bids,” make's it the duty of the officer to attempt to make the sale, and it being required of him as an official, the council was without authority to provide for the payment of another to perform the service which the official duty of the officer required of him. To that extent the ordi *54 nance is in conflict with general laws, and to that extent is void.

Writ denied.

Johnson, Wanamaker, Robinson, Jones and Matthias, JJ., concur.
Marshall, C. J., and Hough, J., took no part in the consideration or decision of the case.